IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE : | |
| LEVI K. CRIPPEN | : CASE NO. 05-33327 |
| LEVI K. CRIPPEN : | |
| PLAINTIFF : | |
| V. : | |
| DONALD J. STITES, JR. AND ELLIOT GREENLEAF & SIEDZIKOWSKI, P.C. : | |
| DEFENDANTS : | ADVERSARY PROCEEDING NO. 06-205 |

# OPINION

*Introduction*

Defendant Elliot Greenleaf & Siedzikowski, P.C. (Elliot) has filed a Motion to Dismiss Count III of the Debtor's Complaint and a Motion for Sanctions against the Plaintiff and his counsel under Bankruptcy Rule 9011. The Plaintiff has filed a Response to the motions.[1] Hearings were held on the Motions on June 6 and 20, 2006. For the reasons set forth below, the Motions will be denied.[2]

*The Pleading*

Count III of the Complaint is directed solely at Elliot. That count alleges a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Specifically, it is alleged that Elliot falsely represented the character, amount, or legal status of a debt;

---

[1] At the June 6th hearing, Plaintiff's Counsel expressed an intention to file his own Rule 9011 motion; however, nothing has been filed.

[2] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(B).

and that it unfairly or unconscionably collected an amount not expressly authorized by the agreement creating the debt or permitted by law. *See* Complaint ¶ 57.

*Legal Standard for*
*Motion to Dismiss*

The Motion to Dismiss is brought under F.R.C.P. Rule 12(b)(6). Rule 12(b)(6) – which is incorporated by Bankruptcy Rule 7012 – provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989). All well-pleaded factual allegations in the claim must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Rocks*, 868 F.2d at 645. The court must draw all reasonable inferences from the allegations and view them in the light most favorable to the non-moving party. *Rocks*, 868 F.2d at 645.

*The Parties' Positions*

Elliot argues that the Complaint fails to allege two elements of an FDCPA claim. First, the Complaint contains insufficient allegations that Elliot is a "debt collector" as defined by the act. Second, the pleading is equally devoid of facts demonstrating that Elliot violated the act. Motion, 4, 6-7. For its part, the Plaintiff identifies two places in the Complaint where it is sufficiently alleged that Elliot is a debt collector. As to the specific acts which are alleged to constitute violations of the act, the Debtor points to the allegations of usury pleaded in the very first count of the Complaint.

*Does the Complaint Sufficiently
Allege that Elliot is a Debt Collector?*

The FDCPA generally applies only to "debt collectors." *Pollice v. Capital Asset Research Corp., Ltd.,* 225 F.3d 379, 403 (3d Cir.2000). Elliot is characterized as a "debt collector" twice in the Complaint. The first time is in Paragraph 6 where the parties are described. That paragraph states that Elliot is a "'debt collector' pursuant to 11 U.S.C. § 1692(a)(4) [*sic*][3] which, using the mails, regularly attempts to collect debts alleged to be due another." Such a description does no more than parrot the statutory definition. This matters because the Third Circuit has explained: "[n]either "bald assertions" nor "vague and conclusory allegations" are accepted as true for purposes of a Rule 12(b)(6) challenge. *See Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997); *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997). In and of itself, Paragraph 6 is no more than a legal conclusion. Therefore, the language in that paragraph does not sustain this complaint against a challenge on sufficiency grounds. *See Garland v. Enterprise Leasing Co.,* 1999 WL 1077075 *1 (E.D.Pa.) (rejecting argument that plaintiff properly pleaded that defendant was "debt collector" when only conclusions of law were offered); *Williams v. Edelman*, 408 F.Supp.2d 1261, 1265 (S.D.Fla.2005) (stating that mere allegation that defendant is a "debt collector" fails to satisfy pleading requirement); *see also Bilal v. Chase Manhattan Mortgage Corp.*, 2006 WL 1650008 *3 (N.D.Ill) (dismissing count which identifies defendant as "debt collector" without any factual basis); and *see also Havens-Tobias v. Eagle*, 127 F.Supp.2d 889, 896 (S.D.Ohio 2001) (stating in dicta that legal conclusions regarding defendant's alleged status as "debt collector" insufficient to

---

[3]This appears to be an erroneous cite: the definition is found at § 1692a(6).

survive motion to dismiss; complaint dismissed for lack of factual allegations of FDCPA violation).

Elsewhere in the Complaint, it is alleged that Elliot essentially admitted that it is a "debt collector." Paragraph 27 reads as follows: "Elliot … filed a Complaint in Mortgage Foreclosure *stating that the firm was a debt collector.*" Complaint ¶ 27 (emphasis added). This paragraph, then, references another pleading — the foreclosure complaint — as the basis for its assertion that Elliot is a debt collector.[4] Given that a Rule 12(b)(6) challenge is normally limited to the four corners of the subject complaint, may that other document be considered?

In this circuit, there exists an exception to the rule that a Rule 12(b)(6) challenge is confined to the pleading under review:

> "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' " *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1426 (3d Cir.1997) (emphasis omitted). Any critical matter raised in plaintiff's accompanying documents could be characterized in one of two ways: first it could be characterized as an argument that one might reasonably infer the critical matter from allegations in plaintiff's complaint; or, second, if it is impossible to make such an inference from the four corners of the complaint, it could be characterized as a matter for which plaintiff should be granted leave to amend his complaint to cure any deficiency. [citation omitted]

*Bush v. City of Philadelphia*, 367 F.Supp.2d 722, 725 (E.D.Pa.2005). Plaintiff's assertion that Elliot is a debt collector is based expressly on what Elliot alleged in its foreclosure

---

[4] The foreclosure complaint is attached to Elliot's Motion as Ex. "A".

4

complaint. Under these circumstances, the Court will consider that other pleading to determine if Plaintiff has sufficiently pleaded that Elliot is a "debt collector."

In reviewing Elliot's foreclosure complaint, the Court finds no express admission that the firm is a debt collector as defined by the statute. Nowhere in that pleading does Elliot *ex*plicitly state that it is a "debt collector." Respondents do not dispute this. What they argue here is that the admission is made *im*plicitly. The premise of their argument is the FDCPA's prohibition against certain false or misleading representations:

> *A debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ....
> (11) The *failure to disclose* in the initial written communication with the consumer… *that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*, and the failure to disclose in subsequent communications that the communication is from a debt collector *except that this paragraph shall not apply to a formal proceeding made in connection with a legal action*

15 § 1692e(11) (emphasis added). The act thus requires debt collectors to disclose to consumers whom they contact that they are trying to collect a debt. This warning has been referred to as a "mini-*Miranda*" notice alluding to the landmark Supreme Court case. *Davis v. Hutchins*, 321 F.3d 641, 643 (6th Cir.2003); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 651 (S.D.N.Y.2006). Significantly for present purposes, this warning is generally required *only* of "debt collectors." *See Prince v. NCO Financial Systems, Inc.*, 346 F.Supp.2d 744, 747 (E.D.Pa. 2004) (stating that the FDCPA generally applies only to "debt collectors"). Although this warning is exempted from legal pleadings, Elliot specifically chose to place this precise verbiage at the end of its foreclosure complaint. *See* Motion,

Ex. A. From this, the Respondents believed it reasonable to infer that Elliot is a "debt collector." Debtor's Response, 6. The Court agrees. That does not mean, of course, that the issue is settled: Elliot is free to raise the issue later in these proceedings. *See Prince, supra* ("Whether a defendant is a "debt collector" as defined by the FDCPA is a question of law appropriate for resolution on summary judgment.") But for purposes of this motion, the Complaint sufficiently pleads that Elliot is a "debt collector" as defined under the FDCPA.

*Does the Complaint Adequately
Explain How Elliot is Supposed
to Have Violated the Act?*

Elliot's next ground for dismissal is that the Complaint fails to allege "the basis and context for [*sic*]" the violations of the FDCPA. Motion, 7. Here again, the Plaintiff maintains that the violation of the act is implicit rather than explicit. According to the Debtor, it may be inferred from the first count of the Complaint. That count alleges that the Defendant violated the applicable state usury law. Response, 6-7. Is that sufficient to survive a motion to dismiss?

Under Fed. R. Civ. P. 8(a)[5], a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint satisfies the Rule 8(a) pleading requirements if it gives notice and the grounds upon which a plaintiff's claim rests. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). While a complaint generally need not allege every element of a plaintiff's claim, it must plead facts sufficient to provide the defendant with "fair

---

[5]Made applicable to adversary proceedings by B.R. 7008(a).

6

notice of the transaction" and "set[ ] forth the material points necessary to sustain recovery." *Menkowitz v. Pottsdown Mem'l Med. Ctr.,* 154 F.3d 113, 124 (3d Cir.1998). A complaint is sufficient if it contains allegations from which an inference fairly may be drawn that evidence on these points will be introduced at trial. 5 Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1216. And significantly, one court has pointed out that the heightened pleadings standard for claims involving fraud and other special matters under Rule 9 does not apply to an FDCPA claim. *Burkhalter v. Lindquist & Trudeau, Inc.*, 2005 WL 1983809 *2 (E.D.Mo.). Does Count III adequately apprise Elliot of how it is supposed to have violated the FDCPA?

    The Court finds that it does. Count III alleges that Elliot violated the act by "falsely representing the character, amount, or legal status of the debt" and by "unfairly or unconscionably collecting an amount not permitted by law." Complaint, ¶ 57 quoting 15 U.S.C. § 1692e(2) and 1692f(1). The preceding paragraphs allege that "Elliot attempted to collect debt in excess of both Pennsylvania law and the mortgage instrument" and that such "debt" constitutes usurious interest and fees and costs not provided for under the mortgage. *Id.* ¶¶ 55-56. Far from implying any illegal conduct, the Complaint is quite clear as to how Elliot is supposed to have violated the Act. Elliot is alleged to have collected interest at a rate higher than allowed by law and to have charged fees and costs not provided for under the parties' contract. For that reason, the Court rejects Elliot's claim that the complaint fails to specify what conduct violates the act. Elliot's Motion to Dismiss must, therefore, be denied.

*Motion for Sanctions*

The Court turns now to Elliot's request for sanctions. That request is premised on Bankruptcy Rule 9011 which provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> …
>
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery

B.R. 9011(b)(3). The purpose of the rule[6] is deter baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). Elliot insists that the Respondents violated this rule by alleging in the Complaint that Elliot stated in its foreclosure complaint that it is a debt collector. *See* Motion for Sanctions, 4. According to Elliot, there is absolutely no basis for such a contention. Transcript June 6 (T 6/6) 4; Transcript June 20 (T 6/20) 2. Respondents contend that such allegation is supported by the FDCPA warning on the foreclosure complaint. T 6/6-4, 5; T 6/20-4.

Before analyzing the merits of the Rule 9011 challenge, the Court will first examine what effect, if any, the denial of the motion to dismiss might have on the request for sanctions. At first blush, a ruling that a complaint states a claim might lead one to conclude

---

[6]The Third Circuit has explained that cases decided pursuant to F.R.C.P. 11 apply to Bankruptcy Rule 9011. *Landon v. Hunt*, 977 F.2d 829, 833 n.3 (3d Cir. 1992); *Cinema Svs. Corp.*, 774 F.2d 584, 586 (3d Cir. 1985). Thus, this Court may rely on Rule 11 case law in deciding on the Bankruptcy Rule 9011 challenge.

that such claim was adequately investigated. *See e.g., Gal v. Viacom International, Inc.*, 403 F.Supp.2d 294, 308 (S.D.N.Y.2005) (stating that as complaint alleged enough to survive a Rule 12(b)(6) motion to dismiss, it follows that the claim is not "baseless" for Rule 11 purposes) But that does not necessarily follow. The denial of a motion to dismiss or a motion for summary judgment does not preclude a *subsequent* finding that there was no factual basis for the claim under Rule 11 or even constitute evidence that sanctions should not be granted. *See In re General Plastics Corp.*, 170 B.R. 725, 733 n.2. (Bankr.S.D.Fla.1994). This is because the facts on such motions are either accepted as true or construed in the non-movant's favor. *Lemaster v. U.S.,* 891 F.2d 115, 121 (6th Cir.1989). As the Sixth Circuit in *Lemaster* explained:

> All courts addressing this issue have concluded that mere survival of a summary judgment motion, in which all facts are construed in the non-movant's favor, does not insulate the party from sanctions if it is later determined that all factual claims were groundless. *Calloway v. Marvel Entertainment Group,* 854 F.2d 1452 (2d Cir.1988), Rev'd on other grounds sub nom. *Pavelic LeFlore v. Marvel Entertainment Group,*--- U.S. ----, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989); *Barrios v. Pelham Marine, Inc.,* 796 F.2d 128, 132 (5th Cir.1986). The mere fact that a judge declines to dismiss an action or grant summary judgment on procedural grounds, or allows an issue to go to the jury for purposes of administrative convenience, does not preclude the imposition of sanctions or even constitute evidence that sanctions should not be granted. [citation omitted]

*Lemaster*, 891 F.2d at 121. As a matter of law, then, denial of Elliot's motion to dismiss is not dispositive of the sanctions request. The question is whether the Respondents conducted a reasonable investigation of the facts and circumstances behind their claim that Elliot stated that it was a debt collector. *See Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274,

1279 (3d Cir. 1995) ("A signer making an inadequate inquiry into the sufficiency of the facts and law underlying a document will not be saved from a Rule 11 sanction by the stroke of luck that the document happened to be justified."); *see also Vista Mfg., Inc. v. Trac-4, Inc.*, 131 F.R.D. 134, 138 (N.D.Ind.1990) ("A shot in the dark is a sanctionable event, even if it somehow hits the mark.")  The Court determines the reasonableness of an inquiry by applying an objective standard under the circumstances. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).  An attorney is entitled to make reasonable inferences from the available facts. 10 *Collier on Bankruptcy* ¶ 9011.04[2][a] (Matthew Bender 15th ed. Revised 2006).

The investigation which the Respondents undertook was to review the foreclosure complaint. T 6/6-4; T 6/20-4. That document contained the warning which the act requires debt collectors to give to consumers when contacting them. And importantly for present purposes, that warning is required *only* of debt collectors.  From that warning, the Respondent inferred that Elliot must be a debt collector. T 6/6-9  The Court finds that inference to have been fairly made. Indeed, it appears to the Court to arguably constitute an admission and, as such, must be accorded some weight. *See* F.R.E. 801(d)(2)(A)[7]; *see also Matter of Continental Airlines, Inc.*, 125 B.R. 415, 417 (Bankr.D.Del. 1991) (allowing pleading in prior proceeding to be used as admission against debtor); *Fidelity & Deposit Co. v. Hudson United Bank*, 653 F.2d 766, 777 (3d Cir.1981) (same).  So while Elliot may be correct that, as a literal matter, it never expressly stated that it was a debt collector, its *mini-Miranda* warning gave the Respondents the impression that it was.  Moreover, the

---

[7]Made applicable by B.R. 9017.

10

existence of that warning on the foreclosure complaint reveals how *un*reasonable is the level of inquiry suggested by Elliot. Elliot would require the Respondent to scour every docket in the "Delaware Valley" to determine if Elliot filed enough collection actions to be deemed a debt collector. T 6/6-10; T 6/20-6. Admittedly, such a task is made easier by existence of online docketing; however, Elliot never explains why Respondents need inquire further than the warning on Elliot's own pleading. Furthermore, Elliot offers no authority for this novel standard. For these reasons, the Court finds that the Respondents undertook a reasonable investigation in alleging that Elliot is a debt collector. The request for sanctions will accordingly be denied.

*Summary*

Because Count III of the Complaint sufficiently pleads a cause of action under the Fair Debt Collection Practices Act, the Motion to Dismiss will be denied. The Motion for Sanctions will be also denied, but without prejudice.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated:  July 25, 2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : |
| LEVI K. CRIPPEN | : CASE NO. 05-33327 |
| LEVI K. CRIPPEN | : |
| PLAINTIFF | : |
| V. | : |
| DONALD J. STITES, JR. AND ELLIOT GREENLEAF & SIEDZIKOWSKI, P.C. | : |
| DEFENDANTS | : ADVERSARY PROCEEDING NO. 06-205 |

# ORDER

AND NOW upon consideration of the Motions of Elliot Greenleaf & Siedzikowski P.C. to Dismiss and for Sanctions, the Plaintiff's and Counsel's response thereto, after hearings held June 6 and 20, 2006, and for the reasons set forth in the foregoing Opinion, it is

ORDERED that the Motions are Denied.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: July 25, 2006

**MAILING LIST:**
George Conway, Esquire
Office Of The U.S. Trustee
950W Curtis Center
7th & Sansom Streets
Philadelphia PA  19106

Devon E. Sanders, Esquire
COMMUNITY LEGAL SERVICES
LAW CENTER NORTH CENTRAL
3638 Broad Street
Philadelphia, PA 19140

Brian R. Elias, Esquire
ELLIOT GREENLEAF & SIEDZIKOWSKI, PC
Union Meeting Corp. Center V, Suite 300
925 Harvest Drive
Blue Bell, PA 19422